## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD ALDRIGO EVANS,

          Plaintiff,

    v.

MICHAEL KAYE, *et al.*,

          Defendant.

No. 4:19-CV-01112

(Chief Judge Brann)

## MEMORANDUM OPINION

### NOVEMBER 19, 2021

*Pro se* Plaintiff Donald Aldrigo Evans ("Plaintiff"), who is presently incarcerated in the State Correctional Institution-Dallas ("SCI-Dallas"), filed a complaint pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights by SCI-Dallas prison officials. Several Defendants and claims were previously dismissed from the case. The remaining Defendants have moved for summary judgment. For the reasons that follow, the motion will be granted.

## I.     BACKGROUND

Plaintiff initiated this case through the filing of a *pro se* complaint under 42 U.S.C. § 1983 on June 28, 2019.[1] The complaint alleged generally that while he was incarcerated in SCI-Dallas on June 28, 2017, the institution was placed on lockdown so that inmates and cells could be searched for contraband.[2] Plaintiff

---

[1]   Doc. 1.
[2]   *Id.* at 18.

was strip-searched and his cell was searched.[3]  The officers conducting the strip search allegedly ordered to Plaintiff to lift his testicles with his hand and subsequently ordered Plaintiff to place his hands in his mouth.[4]  The strip search also allegedly occurred in front of female corrections officers.[5]  Plaintiff allegedly implored Defendant Michael Kaye ("Kaye")—who was the manager of Plaintiff's housing block at the time of the search—to intervene to stop the search, but Kaye did not do so.[6]

Several items of Plaintiff's personal property were allegedly destroyed or confiscated during the June 28, 2017 search, including a back brace, a bible, and legal documents.[7]  Plaintiff allegedly filed grievances about this incident and requested to speak with Defendant Kaye about it.[8]  Kaye and Plaintiff discussed the cell search and Kaye allowed Plaintiff to view the prison log book, but the officers who searched the cell could not be identified from the information in the log book.[9]  Plaintiff alleged that the officers who conducted the search should have initialed or signed the log book and that their failure to do so violated DOC policy.[10]  During this conversation, Kaye allegedly apologized to Plaintiff and stated that he would

---

[3]   *Id.*
[4]   *Id.*
[5]   *Id.*
[6]   *Id.*
[7]   *Id.* at 22-23.
[8]   *Id.* at 19.
[9]   *Id.* at 20.
[10]   *Id.*

try to replace some of the lost items, but that Plaintiff's grievances would be denied because there was no way to determine which officers had searched Plaintiff's cell.[11]

Plaintiff's complaint also alleged various mail issues at SCI-Dallas that occurred in or around July 20, 2018, which began with some of his mail being confiscated.[12]  Plaintiff allegedly contacted the superintendent's secretary, Roxanne Florek, to file an inmate request about mail confiscation.[13]  Despite Plaintiff explaining why he wanted the confiscated mail, the mail room apparently stated that his reasons were not legitimate.[14]  Plaintiff then filed a grievance regarding this incident, and Superintendent Mahally responded to it and said that Plaintiff was allowed to receive his mail.[15]  The mail, however, was never delivered to Plaintiff.[16]  Plaintiff filed an inmate request to staff regarding the mail, to which Defendant Giselle Malet replied.  She informed Plaintiff that due to a new policy change, all mail would be processed through third-party contractor Smart Communications and would then be forwarded to the inmate.[17]  Plaintiff alleges that the mail was never delivered to him and was never returned to sender.[18]

---

[11] *Id.* at 21.
[12] *Id.* at 24.
[13] *Id.*
[14] *Id.* at 25.
[15] *Id.* at 25-26.
[16] *Id.* at 26.
[17] *Id.*
[18] *Id.* at 27-28.

Plaintiff also complained about the confiscation of legal documents mailed to him.  Specifically, Plaintiff alleged that his sibling mailed him approximately thirty-two pages of legal documents needed for Plaintiff's then-pending case under the Pennsylvania Post-Conviction Relief Act ("PCRA").[19]  Plaintiff alleged that SCI-Dallas confiscated these documents and that Plaintiff was not able to obtain them.[20]  Another incident allegedly occurred on or around April 7, 2019, when legal mail sent by Plaintiff's PCRA counsel was not received by Plaintiff.[21]  According to Plaintiff, his attorney contacted DOC representatives from Harrisburg and SCI-Dallas, who told the attorney that Plaintiff should have received the legal mail, and that it was unclear why he had not.[22]

In addition, Plaintiff alleged that Defendant Snyder retaliated against him through several incidents on or around April 8, 2019 and April 9, 2019.[23]  Plaintiff alleged that Snyder almost slammed Plaintiff's cell door on his fingers, interfered with Plaintiff's attempts to make phone calls, and prevented Plaintiff from going to the commissary on at least one occasion.[24]  Snyder also allegedly told Plaintiff that he could misrepresent facts in reports or otherwise falsify reports to send inmates

---

[19] *Id.*
[20] *Id.* at 28-29.
[21] *Id.* at 35.
[22] *Id.* at 35-36.
[23] *Id.* at 30.
[24] *Id.* at 30-33.

to the restricted housing unit.[25]  Finally, on one occasion when Plaintiff was talking on the phone, Snyder allegedly said to him "loose lips sink ships," which Plaintiff perceived as a threat of physical violence.[26]

Plaintiff's complaint raised several claims for relief.  First, Plaintiff alleged that Kaye and the corrections officers who had conducted the strip search—who were named in the complaint as John Doe Defendants—violated his right to be free from unreasonable searches and seizures under the Fourth Amendment, his right to be free from cruel and unusual punishment in violation of the Eighth Amendment, and his right to due process under the Fourteenth Amendment.[27]  Second, Plaintiff alleged that Smart Communications, Mahally, Florek, Malet, and Ransome violated his rights under the Eighth and Fourteenth Amendments by withholding his mail from him.[28]  Third, Plaintiff alleged that Snyder retaliated against him in violation of the First, Eighth, and Fourteenth Amendments and that Defendant Ransome allowed the retaliation to occur.[29]  Fourth, Plaintiff alleged that Defendant Wetzel, the secretary of the DOC, was responsible for the actions of the

---

[25]  *Id.* at 33.
[26]  *Id.*
[27]  *Id.* at 23-24, 38-41.
[28]  *Id.* at 27, 35, 42-43.
[29]  *Id.* at 30-34, 39-40, 44.

other Defendants.[30]  Fifth, Plaintiff alleged that Defendant Mahally was responsible for the other Defendants' actions.[31]

Defendants moved to dismiss the complaint on September 13, 2019,[32] and I granted the motion to dismiss in part through a memorandum and order on November 27, 2020.[33]  I dismissed all claims against Defendants Wetzel, Mahally, Ransome, and Florek for Plaintiff's failure to allege their personal involvement in the alleged violations of his constitutional rights.[34]  I also dismissed Plaintiff's access to courts claim based on Plaintiff's failure to allege an actual injury to his access to the courts.[35]  Finally, I dismissed Plaintiff's complaint to the extent that it attempted to raise Fourth Amendment or Fourteenth Amendment claims based on the allegedly unlawful strip search and search of his cell.[36]  The case accordingly proceeded to discovery as to (1) Plaintiff's Eighth Amendment claims against Kaye and the John Doe Defendants arising from the allegedly unlawful searches; (2) Plaintiff's claims against Smart Communications and Malet arising from the alleged mishandling of his mail; and (3) Plaintiff's retaliation claims against Defendant Snyder.

---

[30]  *Id.* at 37.
[31]  *Id.* at 38.
[32]  Doc. 13.
[33]  Docs. 20-21.
[34]  Doc. 20 at 8.
[35]  *Id.* at 10.
[36]  *Id.* at 10-11.

The remaining named Defendants other than Smart Communications answered the complaint on December 18, 2020.[37]  Defendants then filed the instant motion for summary judgment on June 16, 2021, after discovery had closed.[38] Defendants filed a brief in support of the motion and an accompanying statement of material facts on June 16, 2021.[39]  Plaintiff opposed the motion and filed his own statement of material facts on July 1, 2021.[40]  Plaintiff's statement of material facts does not directly respond to Defendant's statement and instead provides his own narrative of the relevant facts.[41]  Plaintiff additionally filed a declaration to support his opposition to the motion for summary judgment.[42]  Defendants filed a reply brief in support of the motion on July 8, 2021, making the motion ripe for the court's disposition.[43]

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[44]  "Facts that could alter the outcome are 'material facts,' and disputes are 'genuine' if evidence exists from which a rational person could

---

[37]   Doc. 22.  Smart Communications has never been served with process and accordingly has not responded to the complaint.
[38]   Doc. 30.
[39]   Docs. 31-32.
[40]   Docs. 35-36.
[41]   *See* Doc. 36.
[42]   Doc. 37.
[43]   Doc. 38.
[44]   Fed. R. Civ. P. 56(a).

conclude that the position of the person with the burden of proof on the disputed issue is correct."[45]  "A defendant meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[46]  "A plaintiff, on the other hand, must point to admissible evidence that would be sufficient to show all elements of a prima facie case under applicable substantive law."[47]

"The inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."[48]  Thus, "if the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on a lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."[49] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[50]  "The judge's inquiry, therefore unavoidably asks . . . 'whether there is [evidence] upon which a jury can properly proceed to find a

---

[45]  *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993) (Hutchinson, J.) (first citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); and then citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).
[46]  *Clark*, 9 F.3d at 326.
[47]  *Id.*
[48]  *Anderson*, 477 U.S. at 252.
[49]  *Id.*
[50]  *Id.*

verdict for the party producing it, upon whom the onus of proof is imposed."[51]  The evidentiary record at trial, by rule, will typically never surpass that which was compiled during the course of discovery.

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[52]  "Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."[53]

Where the movant properly supports his motion, the nonmoving party, to avoid summary judgment, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[54]  For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed" must be supported by: (i) "citing to particular parts of materials in the record" that go beyond "mere

---

[51]  *Id.* (quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 447 (1871)).
[52]  *Celotex*, 477 U.S. at 323 (internal quotations omitted).
[53]  *Id.*
[54]  *Anderson*, 477 U.S. at 250.

allegations"; (ii) "showing that the materials cited do not establish the absence or presence of a genuine dispute"; or (iii) "showing . . . that an adverse party cannot produce admissible evidence to support the fact."[55]

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant."[56]  Moreover, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[57]  On a motion for summary judgment, "the court need consider only the cited materials, but it may consider other materials in the record."[58]

Finally, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[59]  "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict

---

[55]  Fed. R. Civ. P. 56(c)(1).
[56]  *Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003).
[57]  Fed. R. Civ. P. 56(e)(2).
[58]  Fed. R. Civ. P. 56(c)(3).
[59]  *Anderson*, 477 U.S. at 249.

for that party."[60]  "If the evidence is merely colorable . . . or is  not significantly probative, summary judgment may be granted."[61]

## III.   PRELIMINARY MATTERS

Before addressing the merits of Defendants' motion for summary judgment, I will address several preliminary matters with respect to Plaintiff's claims against Smart Communications, Plaintiff's claims against the John Doe Defendants, and Defendants' statement of material facts.

### A.   All Claims Against Smart Communications Will Be Dismissed

I will first address Plaintiff's claims against Smart Communications, which has not been served with process and accordingly has not joined in the instant motion for summary judgment.  I have screened Plaintiff's claims against Smart Communications pursuant to 28 U.S.C. § 1915(e)(2) and I conclude that the complaint fails to state a claim upon which relief may be granted against Smart Communications.[62]  The only factual allegation in the complaint pertaining to Smart Communications is that defendants told Plaintiff that the DOC's new mail policy required mail to first be sent to Smart Communications before being sent to the appropriate inmate.[63]  There is no allegation that Smart Communications

---

[60]  *Id.*

[61]  *Id.* at 249-50 (internal citations omitted).

[62]  28 U.S.C. § 1915(e)(2) provides, in relevant part, that district courts should screen complaints brought *in forma pauperis* and dismiss them "at any time" if they fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

[63]  *See* Doc. 1 at 26.

actually handled any of Plaintiff's mail, nor is there any allegation that Smart Communications violated Plaintiff's civil rights in any way.  Accordingly, I will dismiss the claims against Smart Communications.  I will not grant leave to amend as to these claims because amendment would be futile given the absence of any allegation that Smart Communications actually handled any of Plaintiff's mail.

### B.    The John Doe Defendants Will Be Dismissed

Plaintiff has named two John Doe Defendants who allegedly conducted the search of his cell and the strip search.  I will dismiss the two John Doe Defendants because Plaintiff has not identified them and the deadlines for discovery and amendment of pleadings have expired.[64]

### C.    Defendants' Statement of Material Facts Will Be Admitted

Local Rule 56.1 requires a party moving for summary judgment to submit "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."[65]  The non-movant must file a statement in response to the movant's

---

[64] *See, e.g.*, *Graham-Smith v. City of Wilkes-Barre*, No. 3:17-CV-00239, 2020 WL 9607112, at *5 (M.D. Pa. Feb. 26, 2020) ("[I]f a plaintiff fails to amend a complaint to identify unnamed John Doe defendants, a court may *sua sponte* dismiss those defendants prior to ruling on a summary judgment motion." (citing *King v. Mansfield Univ. of Pa.*, No. 1:11-CV-01112, 2014 WL 4546524, at *10 (M.D. Pa. Sept. 12, 2014)), *report and recommendation adopted*, No. 3:17-CV-00239, 2021 WL 2020591, at *11 (M.D. Pa. May 19, 2021); *Millbrook v. United States*, 8 F. Supp. 3d 601, 609 (M.D. Pa. Mar. 25, 2014) ("John/Jane Doe defendants may only be allowed 'to stand in for the alleged real parties until discovery permits the intended defendants to be installed.'" (quoting *Johnson v. City of Erie*, 834 F. Supp. 873, 878 (W.D. Pa. 1993))).

[65] M.D. Pa. L.R. 56.1.

statement that responds to the numbered paragraphs in the movant's statement and sets forth which paragraphs present a genuine issue of material fact.[66]  Any facts that are set forth in the movant's statement that are not contradicted by the non-movant's statement are "deemed to be admitted."[67]

In this case, Defendants filed a statement of material facts as required by Local Rule 56.1, but Plaintiff did not respond to Defendants' statement and instead filed his own independent statement of material facts.  Because Plaintiff has failed to respond to Defendants' statement, the facts in the statement are deemed admitted.[68]  Additionally, the Court will disregard Plaintiff's statement of material facts because Local Rule 56.1 "does not permit a non-moving party to file an additional statement of material facts that does not respond to the moving party's statement."[69]

## IV.   MATERIAL FACTS

Having resolved all preliminary matters, I turn my attention to the facts that are material to the instant motion for summary judgment.  As noted above, the

---

[66] *Id.*

[67] *Id.*

[68] *See id.* ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."); *Landmesser v. Hazleton Area Sch. Dist.*, 982 F. Supp. 2d 408, 413 (M.D. Pa. 2013) (deeming facts admitted under Local Rule 56.1); *see also Conn v. Bull*, 307 F. App'x 631, 633 (3d Cir. 2009) (upholding district court's decision to deem facts admitted under Local Rule 56.1.)

[69] *Holt v. Pennsylvania*, No. 1:18-CV-02448, 2021 WL 3511104, at *4 (M.D. Pa. Aug. 10, 2021); *accord Farmer v. Decker*, 353 F. Supp. 3d 342, 347 n.1 (M.D. Pa. 2018); *Barber v. Subway*, 131 F. Supp. 3d 321, 322 n.1 (M.D. Pa. 2015).

facts stated in Defendants' statement of material facts are deemed admitted based on Plaintiff's failure to comply with Local Rule 56.1.  Where appropriate, I will also cite to Plaintiff's complaint and Defendants' answer to the complaint.

On June 28, 2017, Plaintiff and all other inmates in his cellblock were subjected to a strip search and cell search pursuant to an annual routine to remove contraband from the prison.[70]  During this search, Plaintiff was forced to lift his testicles with his hand and was subsequently forced to put his hand in his mouth in order to hold his mouth open as part of the search.[71]  The strip search occurred in front of other people, including female corrections officers.[72]

Sometime around July 20, 2018, Plaintiff's mail was confiscated.[73]  Plaintiff grieved this confiscation, and Defendant Mahally subsequently ruled that Plaintiff was entitled to receive his mail.[74]  Nevertheless, Plaintiff's mail was never

---

[70]  Doc. 32 ¶ 2.

[71]  *Id.* ¶ 3.

[72]  *Id.*

[73]  Doc. 1 ¶ 47; Doc. 22 ¶ 47.  In their answer, Defendants contend that "the claims pertaining to confiscation of Plaintiff's mail were dismissed." Doc. 22 ¶ 47. This is incorrect.  In my opinion addressing Defendants' motion to dismiss, I dismissed (1) all claims against Defendants Wetzel, Mahally, Ransome, and Florek; (2) Plaintiff's access to courts claim; and (3) all claims attempting to raise Fourth Amendment or Fourteenth Amendment claims based on the allegedly unlawful strip search and search of Plaintiff's cell.  *See* Doc. 20.  The opinion did not address the claims arising from the confiscation of Plaintiff's mail, except to the extent that it dismissed the claims against Wetzel, Mahally, Ransome, and Florek.  The claims against the other defendants named in the mail confiscation claim—Smart Communications and Malet— survived the court's opinion.  Thus, because Defendants failed to properly address the allegation in Paragraph 47 of the complaint, the allegation is deemed admitted.

[74]  Doc. 1 ¶ 56; Doc. 22 ¶ 56.

delivered to him.[75]  Plaintiff sent an inquiry to the Superintendent's office as to why his mail had not been delivered, and Defendant Malet responded that he could no longer receive the mail due to the DOC's new policy of first routing mail through Smart Communication before sending it to the appropriate inmate.[76]

On or around April 8, 2019 or April 9, 2019, Defendant Snyder slammed the door of Plaintiff's cell shut, which almost injured Plaintiff's hand.[77]  Around the same time, Defendant Snyder refused to allow Plaintiff to use the phone on one occasion and prevented Plaintiff from receiving commissary items on one occasion.[78]  Plaintiff was able to use the phone and receive commissary items either on the same day as those incidents or the next day.[79]  Plaintiff did not suffer any physical injuries as a result of Defendants' actions.[80]

## V.    ANALYSIS

Plaintiff's constitutional claims are brought under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

---

[75]  Doc. 1 ¶ 57; Doc. 22 ¶ 57.  Defendants state that they are without sufficient knowledge to admit or deny this allegation, but given Defendants' subsequent statements to Plaintiff that the mail would have to be sent through Smart Communications before it could be delivered to Plaintiff, it is reasonable to infer that the mail was never delivered to Plaintiff, and at this stage of litigation, all reasonable inferences must be made in Plaintiff's favor as the non-movant.  *See, e.g.*, *Scott v. Harris*, 550 U.S. 372, 378 (2007).

[76]  Doc. 1 ¶¶ 60-61; Doc. 32 ¶ 5.

[77]  Doc. 32 ¶ 6.

[78]  *Id.* ¶¶ 7-8.

[79]  *Id.*

[80]  *Id.* ¶ 9.

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[81]  "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"[82]  I will analyze Plaintiff's § 1983 claims *seriatim*.

### A.    Eighth Amendment Claim Against Defendant Kaye

Plaintiff's Eighth Amendment claim against Defendant Kaye arises from Kaye's alleged failure to intervene when the John Doe correctional officers strip searched Plaintiff in front of other people, forced Plaintiff to lift his testicles with his hand, and subsequently forced Plaintiff to put his hand in his mouth.  It is undisputed that the officers who conducted the search had a legitimate penological

---

[81] *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

[82] *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

purpose of rooting out contraband when they conducted the search, but Plaintiff asserts that the manner in which the search was conducted was unconstitutional.

Strip searches may violate the Eighth Amendment if they are conducted in an unreasonable manner.[83]  In determining whether a strip search is constitutional, courts should balance the prison's interest in safety and security against the prisoner's interest in being free from unreasonable searches and seizures.[84]

Having reviewed the material facts and the parties' respective briefing on this issue, I conclude that Defendant Kaye is entitled to summary judgment.  The fact that female officers were present during the search does not violate the Constitution.[85]  As for the fact that Plaintiff was forced to place his hand in his mouth shortly after placing his hand on his testicles, I note that several courts in this circuit have concluded that strip searches conducted in such a manner do not violate the Constitution.  For example, in *Brown v. Blaine*, the Third Circuit upheld the constitutionality of a strip search in which the prisoner plaintiff was "required to sweep his mouth with his finger after he had been directed to touch his genitals."[86]  More recent cases in this District have reached a similar conclusion.[87]

---

[83]  *See, e.g.*, *Watson v. Sec'y, Pa. Dep't of Corr.*, 436 F. App'x 131, 136 (3d Cir. 2011).

[84]  *See Florence v. Bd. of Chosen Freeholders of the Cty. of Burlington*, 566 U.S. 318, 327 (2012); *Bell v. Wolfish*, 441 U.S. 520, 559 (1979); *Small v. Wetzel*, 528 F. App'x 202, 207 (3d Cir. 2013).

[85]  *Small*, 528 F. App'x at 206.

[86]  185 F. App'x 166, 167-68, 170 (3d Cir. 2006).

[87]  *See Ashford v. Francisco*, No. 1:19-CV-01365, 2019 WL 4687162, at *1, 4 (M.D. Pa. Sept. 26, 2019) (upholding constitutionality of strip search where plaintiff was forced to "lift his genitals, bend over, cough, and lift his bottom and upper lips"); *Miller v. Trometter*, No. 4:11-CV-00811, 2012 WL 5933015, at *2, 16 (M.D. Pa. Nov. 27, 2012) (upholding constitutionality of strip search

I agree with the reasoning of these jurists and find that the search in this case did not violate the Constitution as a matter of law.  Having reached that conclusion, it is unnecessary for me to address Kaye's alleged failure to intervene in the search, as Kaye's alleged failure to intervene could not have violated the Constitution given that the underlying search itself was constitutional.  Accordingly, I will grant Kaye's request for summary judgment.

### B.   Claims Against Defendant Malet

I next consider Defendant Malet's summary judgment request.  Plaintiff's claims against Malet arise from the confiscation of Plaintiff's mail.  Defendants argue that Malet is entitled to summary judgment because she was not personally involved in the alleged violations of Plaintiff's rights and because Plaintiff cannot establish that she violated his rights.[88]  Plaintiff argues to the contrary that he sent a complaint to Malet regarding the confiscation of his mail and Malet responded that Plaintiff had not provided sufficient justification for receiving the mail.[89]  Plaintiff asserts that even after Defendant Mahally ordered the release of the mail, Malet still refused to give Plaintiff his mail.[90]  Plaintiff also asserts that Malet confiscated the 32 pages of legal documents that he needed to litigate his PCRA case.[91]

---

where plaintiff "was forced to place his fingers in his mouth, for a visual inspection thereof, after . . . having touched, *inter alia*, his penis and buttocks as part of the search").

[88]   Doc. 31 at 8-10.
[89]   Doc. 35 at 7.
[90]   *Id.* at 8.
[91]   *Id.* at 9.

I conclude that Malet is entitled to summary judgment because there is no indication that she was personally involved in the alleged violations of Plaintiff's rights.  A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation.[92]  Here, the only factual allegation against Malet is that she informed Plaintiff that pursuant to the new mail policy mail would first be routed to Smart Communications before being sent to the appropriate inmate.[93]  This allegation, even if proven, is insufficient to establish Malet's personal involvement in any violation of Plaintiff's rights.  Furthermore, although Plaintiff asserts in his brief that Malet refused to release Plaintiff's mail and personally confiscated the 32 pages of Plaintiff's PCRA documents, this assertion is belied by the allegations in Plaintiff's complaint, which attribute these actions to Florek and not to Malet.[94]  Plaintiff has never attempted to amend his complaint to raise these allegations against Malet, and he cannot do so through a brief in opposition to the motion for summary judgment.[95]  Accordingly, I will grant Malet summary judgment.

---

[92]  *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018).

[93]  *See* Doc. 1 at 26.

[94]  *See* Doc. 1 at 24-25.

[95]  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that a complaint must give defendant fair notice of the claims against the defendant); *Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008) ("A plaintiff 'may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment'" (quoting *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996))); *accord Cicchiello v. Beard*, 726 F. Supp. 2d 522, 533 (M.D. Pa. 2010).

## C.    Retaliation Claim Against Defendant Snyder

Turning to Plaintiff's retaliation claim against Defendant Snyder, a plaintiff

bringing a retaliation claim under 42 U.S.C. § 1983 must establish that (1) he

engaged in constitutionally protected conduct; (2) the defendant took retaliatory

action against the plaintiff that was sufficient to deter a person of ordinary firmness

from exercising his constitutional rights; and (3) there was a causal connection

between the plaintiff's protected conduct and the defendant's retaliatory action.[96]

Causation may be established by showing either an unusually suggestive temporal

proximity between the plaintiff's protected conduct and the defendant's allegedly

retaliatory action or a pattern of antagonism coupled with timing.[97]  Causation may

also be implied by "the record as a whole."[98]

In this case, Defendants argue that Snyder is entitled to summary judgment

because the allegedly retaliatory actions that he took against Plaintiff were not

sufficiently adverse to support a retaliation claim and because Plaintiff cannot

establish causation between his protected conduct and Snyder's alleged

retaliation.[99]  Defendants also argue that Snyder is entitled to qualified

immunity.[100]  Plaintiff counters that Snyder's actions were sufficiently adverse to

---

[96] *Javitz v. Cty. of Luzerne*, 940 F.3d 858, 863 (3d Cir. 2019).
[97] *Dondero v. Lower Milford Twp.*, 5 F.4th 355, 361-62 (3d Cir. 2021) (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)).
[98] *Id.* (citing *DeFlaminis*, 480 F.3d at 267).
[99] Doc. 31 at 11-13.
[100] *Id.*

20

support a retaliation claim.[101]  He does not address Defendants' causation or qualified immunity arguments.

Having reviewed the relevant facts and the parties' respective arguments, I will grant Defendant Snyder's request for summary judgment because Plaintiff has not shown that there is any evidence to support a causal link between his actions and Snyder's allegedly retaliatory acts.  Although Plaintiff alleges several improper and potentially harmful actions by Snyder, he does not proffer any evidence to show that Snyder took those actions because of Plaintiff's constitutionally protected activity.  I will accordingly grant Snyder summary judgment.[102]

## VI.    CONCLUSION

For the foregoing reasons, the motion for summary judgment will be granted.

An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[101]  Doc. 35 at 11-13.

[102]  Because I have determined that all remaining Defendants will either be dismissed from the case or granted summary judgment, I will not address Defendants' remaining argument that Plaintiff is not entitled to compensatory damages.